# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2033

_____

| | | |
|---|---|---|
| John W. Townshend, Sr. | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Carroll Fisher, Commissioner, | * | |
| Oklahoma Department of Insurance; | * | Appeal from the United States |
| State of Oklahoma Department of | * | District Court for the Western |
| Insurance; Nancy Brewer, Sebastian | * | District of Arkansas. |
| County, Arkansas, Circuit Court | * | |
| Clerk; County of Sebastian, Arkansas; | * | [UNPUBLISHED] |
| Linda Howard, Crawford County, | * | |
| Arkansas, Circuit Court Clerk; County | * | |
| of Crawford, Arkansas; Allan M. | * | |
| Ephraim, Chairman, Oklahoma State | * | |
| Board of Accountancy; Oklahoma | * | |
| Board of Public Accountancy, as agent | * | |
| for the State; James Ward, Executive | * | |
| Director, Arkansas State Board of | * | |
| Public Accountancy; Arkansas State | * | |
| Board of Public Accountancy, as | * | |
| agent for the State; Mike Pickens, | * | |
| Insurance Commissioner for the | * | |
| State of Arkansas; Arkansas | * | |
| Department of Insurance, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  February 3, 2004

Filed:  February 18, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

John Townshend appeals the district court's[1] dismissal of his action under 42 U.S.C. §§ 1983, 1985, and 1986, arising out of (among other things) defendants' alleged release and reliance upon certain records involving expunged or pardoned state criminal matters.  Townshend claimed violations of due process, equal protection, and the Privileges and Immunities Clause.

After careful review of the record, we conclude Townshend failed to state a claim under section 1983 for a violation of his constitutional rights.  See Lunding v. New York Tax App. Trib., 522 U.S. 287, 296 (1998) (Privileges and Immunities Clause); Herts v. Smith, 345 F.3d 581, 587 (8th Cir. 2003) (substantive due process); Booker v. City of St. Louis, 309 F.3d 464, 468 (8th Cir. 2002) (procedural due process), cert. denied, 124 S. Ct. 52 (2003); Keevan v. Smith, 100 F.3d 644, 647-48 (8th Cir. 1996) (equal protection).  Townshend also failed to state a claim under section 1985 or section 1986.  See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (§ 1985 claimant must allege race or class-based discriminatory animus behind conspiracy); Lewellen v. Raff, 843 F.2d 1103, 1116 (8th Cir. 1988) (§ 1986 claim is dependent on valid claim under § 1985), cert. denied, 489 U.S. 1033 (1989).

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Accordingly, we affirm, but because it appears to us that Townshend is raising state-law claims, we modify the dismissal order to be without prejudice to any remedies Townshend may have in state court.

_____